*560 OPINION.
Trammell :
The taxpayer in support of its appeal relies upon the decision of the Board in the Appeal of Poinsett Mills, 1 B. T. A. 6, wherein the Board held that a contribution by a corporation to a church in a small community which consisted largely of its employees, was an allowable deduction as an ordinary and necessary business expense. In that case the taxpayer did not acquire an asset. The facts involved in this appeal are clearly distinguishable from those involved in the Appeal of Poinsett Mills, supra. In this case the taxpayer erected a substantial brick building. It thereby invested in an asset which had a useful life for a number of years and had the benefit thereof over a period of years and continues to receive such benefit.
Sections 235 and 215 (b) of the Revenue Act of 1918 specifically provide that no deduction shall in any case be allowed in respect to any amount paid out for new buildings or for permanent improvements made to increase the value of property. (Cf. Appeal of McEwen Lumber Co., 1 B. T. A. 73.)
The taxpayer is entitled to a return through allowances for exhaustion, wear and tear, of the capital sum invested in the said property but is not entitled to a deduction on account of such expenditure during the taxable year as an ordinary and necessary business expense.